IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Mack Hawkins, Authorized Representative of Willie Mack Hawkins,<br><br>Plaintiff,<br><br>vs.<br><br>Bayview Loan Servicing LLC and Citifinancial Servicing, Inc.,<br><br>Defendants. | C/A No.: 3:22-1750-SAL-SVH<br><br>ORDER |

Johnny Mack Hawkins, "Authorized Representative of Willie Mack Hawkins" ("Plaintiff"), proceeding pro se, filed this action against Defendants. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings.

Plaintiff alleges that Willie ("Willie") Mack Hawkins passed away of natural causes on December 18, 2013. [ECF No. 1 at 4]. While individuals may represent themselves pro se in federal court, a person may not ordinarily appear pro se in the cause of another person or entity. *See Pridgen v. Andresen*, 113 F.3d 391, 392–93 (2d Cir 1997) (finding that a pro se litigant may not represent a corporation, estate, or partnership); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman

1

representing himself to be clearly too limited to allow him to risk the rights of others."). One exception to the rule prohibiting pro se representation of another is when a pro se person, who is the executor of an estate, represents the estate and the estate has no creditors or other beneficiaries. *See Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x. 659 (4th Cir. 2004) (unpublished) (remanding the matter for further proceedings to ascertain whether there were any creditors involved); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (finding that where an administrator of an estate is not the sole beneficiary or where the estate has creditors, then the administrator may not represent the estate pro se in federal court).

The complaint indicates "On January 16, 2014, [Johnny] was named Successor Executor in the Last Will and Testament of [Willie's] estate executed by Willie [] executed May 29, 1997, as firstborn Michael Caruso Hawkins dies on August 23, 2000." [ECF No. 1 at 4]. However, Plaintiff does not provide any information concerning the estate's beneficiaries or creditors. Accordingly, additional information is required to determine if Plaintiff may appear pro se on behalf of the Estate Willie Mack Hawkins. Plaintiff is directed to answer the attached special interrogatories within 21 days from the date of this order. Plaintiff's answers should be filed with this court.

IT IS SO ORDERED.

June 8, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Mack Hawkins, Authorized Representative of Willie Mack Hawkins,<br><br>Plaintiff,<br><br>vs.<br><br>Bayview Loan Servicing LLC and Citifinancial Servicing, Inc.,<br><br>Defendants. | C/A No.: 3:22-1750-SAL-SVH<br><br><br>Plaintiff's Answers To The Court's Special Interogatorries |

Plaintiff indicates he was appointed Executor of the Estate of Willie Mack Hawkins ("The Estate") on January 16, 2014. [ECF No. 1 at 4]. To determine if Plaintiff may represent the Hawkins Estate pro se, Plaintiff shall answer the following questions as completely as possible in the space provided. If additional space is needed, attach a separate sheet of paper to this form and indicate which answers are continued on the separate sheet. ***BE AWARE THAT YOUR ANSWERS MUST BE COMPLETELY TRUTHFUL AND ARE GIVEN UNDER PENALTY OF PERJURY.***

1. Provide the Fairfield County probate case number for the Estate. _____

2. Are you a beneficiary of the Estate?_____
_____

3. Are there any other beneficiaries of the Estate? If so, please provides those beneficiaries names and address._____

4

_____

_____

_____

_____

_____

_____

_____

4. Are there any creditors of the Estate? If so, please provide those creditors names and address._____

_____

_____

_____

_____

_____

**Plaintiff is directed to attach to these interrogatories a copy of any orders or letters from the Fairfield County Probate Court.**

*I declare under penalty of perjury that the foregoing is true and correct.*

Signed this _____ day of _____, 2022.

_____
*Signature of Plaintiff*