IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Johnny Mack Hawkins, Authorized Representative of Willie Mack Hawkins,<br><br>        Plaintiff,<br><br>vs.<br><br>Bayview Loan Servicing LLC and Citifinancial Servicing, Inc.,<br><br>        Defendants. | Civil Action Number 3:22-1750-SAL<br><br>**ORDER AND OPINION** |

  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 9.] Based on the facts and law as stated below, the court accepts the Report as modified and dismisses Plaintiff's case without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

  Johnny Mack Hawkins ("Plaintiff"), proceeding *pro se*, brought this action on behalf of his late father's estate (the "Estate") against Bayview Loan Servicing, LLC and Citifinancial Servicing, Inc. Plaintiff alleges unlawful foreclosure and fraud upon the court in relation to property located at 2320 Lorick Avenue, Columbia, South Carolina (the "Property"). [ECF No. 1 at 1-2.] In his Complaint, Plaintiff identifies himself as "Successor Executor in the Last Will and Testament of the Willie Mack Hawkins Estate." *Id.* at 4 ¶ 9a.

  After reviewing the Complaint, the Magistrate Judge issued an Order directing Plaintiff to answer Special Interrogatories, ECF No. 5. The Order explained the need for answers to these special interrogatories:

> While individuals may represent themselves pro se in federal court, a person may not ordinarily appear pro se in the cause of another

> person or entity…. One exception to the rule prohibiting pro se representation of another is when a pro se person, who is the executor of an estate, represents the estate and the estate has no creditors or other beneficiaries…. The complaint indicates "On January 16, 2014 [Plaintiff] was named Successor Executor in the Last Will and Testament of [Willie's] estate…." [ECF No. 1 at 4.] However, Plaintiff does not provide any information concerning the estate's beneficiaries or creditors. Accordingly, additional information is required to determine if Plaintiff may appear pro se on behalf of the Estate of Willie Mack Hawkins.

ECF No. 5 at 1-2 (internal citations omitted).

The special interrogatories asked "2. Are you a beneficiary of the Estate? 3. Are there any other beneficiaries of the Estate? [and] 4. Are there any creditors of the Estate?" *Id.* at 4-5. In reply, Plaintiff submitted nearly seventy pages of probate documents, ECF No. 7-1.

After reviewing Plaintiff's response to the special interrogatories, the Magistrate Judge issued the Report. [ECF No. 9.] The Report found the probate documents "appear to show Gladys Hawkins as the sole beneficiary of Willie Mack Hawkins' estate. However, Plaintiff alleges Gladys Hawkins passed away in 2016, so the court has no information as to the ultimate beneficiaries related to the property." *Id.* at 2. The Report concludes "[a]fter special interrogatories, the court still does not have information sufficient to [ensure] that Plaintiff may proceed [*pro se*]. Therefore, the undersigned recommends this matter be dismissed without prejudice." *Id*. at 4.

Plaintiff objects[1] to the Report's finding on two grounds. First, Plaintiff claims "The Report and Recommendation Ignores Clear Answers to Its Interrogatories." [ECF No. 12 at 1.]  He supports this objection saying, "Items I and II of the Last Will and Testament of Willie Mack Hawkins … clearly names all of the beneficiaries of the Willie Mack Hawkins Estate in total." *Id*.

---

[1] In the same filing, Plaintiff also asks numerous questions of the court in the form of "clarifications" and "interrogatories." The court does not address these questions because, even given the most liberal of interpretation, they are irrelevant to the Report.

Plaintiff also objects to the court misunderstanding and mistaking "the intent of the mention of the Willie Mack Estate," stating Plaintiff is "the authorized representative of 'Willie Mack Hawkins', [sic] not 'Willie Mack Hawkins Estate'. [sic]" *Id*. at 12. The matter is now ripe for ruling.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

The court must liberally construe *pro se* pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Here, the court construes Plaintiff's first objection as an objection to the Report's finding that there is insufficient information to determine the identity of the ultimate beneficiaries of the Estate. The court construes Plaintiff's second objection as an objection to the Report's finding that Plaintiff is appearing in his capacity as executor of the Estate rather than standing in for his father directly. Having reviewed the Report, Plaintiff's Objections, and the record in this case, and considering the law as set forth below, the court concludes Plaintiff is prohibited from appearing *pro se* on the Estate's behalf because multiple beneficiaries exist.

**I.     Information regarding additional beneficiaries of the Estate**

Construed liberally, Plaintiff objects to the Report's finding that there is insufficient information to determine the identity of the beneficiaries of the Estate. [ECF No. 12 at 1.] In support of his objection, Plaintiff directs the court's attention to Items I and II of Willie Mack Hawkins' Last Will and Testament. *Id.* Item I of the will clearly identifies seven beneficiaries: Michael Caruso Hawkins; Johnnie Mack Hawkins; Tony Curtis Hawkins; Chris Lamont Hawkins; Ray Anthony Hook; Ashley Nicole Alexander; and Gladys Hawkins. [ECF No. 7-1 at 2.] The probate documents reveal two additional intestate heirs of the Estate not included in the will, Billy J. Middleton and Felicia Berry Gonzales. *Id.* at 7. The court sustains this objection and finds there is sufficient evidence showing that Plaintiff is not the sole beneficiary of the Willie Mack Hawkins Estate.

**II.     Rule prohibiting *pro se* representation of another in the context of estate law**

Having determined that the Estate has multiple beneficiaries, the court now considers Plaintiff's second objection, in which he argues "The Court Misunderstands and Mistakes the Intent of the Mention of the Willie Mack Estate." Generally, individuals may represent themselves *pro se* in federal court. *See* 28 U.S.C. § 1654; *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). This right does not extend to situations where a person appears *pro se* in the cause of another person or entity, such as an executor of an estate with multiple beneficiaries or creditors. *Id*. at 392-93; *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Malone v. Nielson,* 474 F.3d 934, 937 (7th Cir. 2007) ("[Executors] do not act on behalf of themselves, but on behalf of all the beneficiaries of an estate. Consequently, if the [executor] is not the sole beneficiary of the estate, then he or she may not represent the estate in court."). One exception is when a *pro se* person who is the executor of an estate represents an estate with no creditors or other beneficiaries. *See Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x. 659 (4th Cir. 2004) (remanding case to determine whether additional beneficiaries or creditors existed to determine whether Plaintiff could represent an estate *pro se*); *Malone*, 474 F.3d at 937.

Construing Plaintiff's second objection as liberally and favorably to Plaintiff as possible, it appears Plaintiff objects to the Report's finding that he is appearing in his capacity as executor of the Estate of Willie Mack Hawkins rather than standing in for his father directly. The court notes that Plaintiff identifies himself in the Complaint caption as "authorized representative of Willie Mack Hawkins" with no mention of the Estate. [ECF No. 1 at 1]. The language in the caption, however, does not negate the clear evidence that Plaintiff is bringing this action in his capacity as the executor of the Estate. Plaintiff identifies himself in the Complaint as "Successor Executor in the Last Will and Testament of the Willie Mack Hawkins Estate." [ECF No. 1 at 4 ¶

9a.] Plaintiff relies exclusively on probate court documents to support his answer to the Magistrate Judge's special interrogatories. *See generally* [ECF No. 7-1.]

The court emphasizes two documents included in these probate court documents that offer clear evidence Plaintiff is acting in his capacity as an executor in this case. First is a copy of Plaintiff's Qualification and Statement of Acceptance of Appointment as Personal Representative of the Estate of Johnny Mack Hawkins. *Id*. at 12. The second is a copy of the Fiduciary Letters granting Plaintiff the authority "to do and perform all acts which may be authorized by law" in the matter of Willie Mack Hawkins. *Id.* at 14. Under South Carolina law,[2] personal representatives are authorized to "prosecute or defend claims, or proceedings in any jurisdiction for the protection of the estate." S.C. Code Ann. § 62-4-715(20).[3] Plaintiff's objection to the Report's finding that he is appearing as executor of the Estate is overruled. Consequently, the rule prohibiting *pro se* representation of an estate compels the court to dismiss Plaintiff's action.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record in this case, the court adopts the Report, ECF No. 5, as modified and incorporates it by reference herein. The court finds that the rule prohibiting an executor of an estate from proceeding *pro se* when the estate has beneficiaries other than the litigant applies, and Plaintiff is not allowed to proceed *pro se*. The action is **DISMISSED** without prejudice.

December 12, 2022                                                    s/ Sherri A. Lydon

Columbia, South Carolina                                         United States District Court Judge

---

[2] The underlying probate court case was filed in Fairfield County, South Carolina, 2014ES20-24.
[3] The same power is granted to successor personal representatives. S.C. Code Ann. § 62-3-716.